HARTWELL *v.* THE PENN FIRE INS. CO.

SAME *v.* THE ORIENT INS. CO.

A common-law award, not impeachable when it is the subject of an action, cannot be impeached when it is the subject of a plea.

ASSUMPSIT, upon two policies of fire insurance for $1,250 each. Facts found by a referee.

The defendants filed a confession of the plaintiff's right to recover damages in the sum of $1,150 in each of said actions, according to the written award of arbitrators chosen by the parties, together with interest from its date; and as to the residue of the plaintiff's claim, they pleaded the general issue, with a brief statement alleging the arbitration, which was had before the bringing of these

actions.   Subject to exception, the plaintiff put in extrinsic evidence at the hearing before the referee, tending to show fraud on the part of the defendants in procuring the submission, and the referee found that, if not barred by the award, the plaintiff was entitled to recover of each of the defendants the sum of $1,250 and costs.

*Mugridge* and *Chase & Streeter*, for the plaintiff.

*Barnard & Barnard*, for the defendants.

BLODGETT, J.   If the plaintiff has a defence to the award, it is available in equity only; for the settled doctrine in this state is, that a written common-law award upon a written submission cannot be disputed in an action upon it at law for any error or defect not apparent upon the record,—that is to say, the submission and award *(Truesdale* v. *Straw*, 58 N. H. 208) ; and if it cannot be so impeached when it is the subject of an action, there is no ground for holding that it can be when pleaded as a defence.

The plaintiff is therefore entitled to recover only the amounts confessed, with costs to the filing of confession, and the defendants will take costs since.

· *Ordered accordingly.*

FOSTER, J., did not sit : the others concurred.